KELLEY, Respondent, v. DIRKS, Appellant.

(167 N. W. 724.)

(File No. 4292.  Opinion filed May 18, 1918.)

1.  Gaming—Non-criminal Wager of Money, Right to Withdraw, Before Event Happens.

In absence of statute making wagering of money criminal, such wager may be withdrawn at any time before happening of event on which it is made.

2.  Same—Election Bet, Subject to Withdrawal if Wagerer Died Before Election, Whether Withdrawable on Wagerer's Death Before Election—Criminal Statute Construed

Under Pen. Code, Sec. 59, making it a misdemeanor for any person to make, offer, or accept a bet on result of an election, the making of the bet constitutes the crime, the offense being completed as soon as the wager is made, the transaction is void ab initio, and in law is not a contract; and withdrawal of the money before happening of event on which the wager was made, does not alter the status of the money or the rights of the parties.  So held, where wager was on condition that if wagerer died before the election in question, the money should be turned over to his widow.

3.  Same—Election Bet Conditioned on Payment of Money to Wagerer's Widow Should he Die Before Election—Criminal Wager—Right of Administrator to Recover From Widow—Statute.

A bet on an election was made on condition that if wagerer died before the election, stakeholder should turn money over to his widow; the stakeholder having, on wagerer's death before election, paid it over to widow.  Held, that, since the bet was criminal, under Pen. Code, Sec. 59, and the wager was a completed offense when made, court should refuse to entertain suit by decedent's administrator against the widow, for the money as belonging to the estate.

Gates, J., dissenting.

Appeal from Circuit Court, Brule County.  Hon. FRANK B. SMITH, Judge.

Action by Guy Kelley, as administrator of the estate of Peter B. Dirks, deceased, against Suzanne C. Dirks, to recover money, wagered upon an election by her husband, and turned over to her by stakeholder.  From an order overruling demurrer to the complaint, defendant appeals.  Reversed.

*E. E. Wagner,* and *G. J. Danforth,* for Appellant.

*E. R. Slifer,* for Respondent.

(2)  To point two of the opinion, Appellant cited:  Mat-

thews v. Lopus, (Calif.) 140 Pac. 306; Pomeroy's Equity Jurisprudence, Vol. 2, Section 938; Elliott on Contracts, Vol. 1009.

Respondent cited: 12 Ruling Case Law, p. 762; Bernhard v. Taylor, 31 Pac. 968; Stover v. Flower, 94 N. W. 1100; Mueller v. Stoecker Cigar Co., 131 N. W. 983.

POLLEY, J. The plaintiff in this action is the administrator of the estate of a deceased person, and the defendant is the surviving widow of such decedent. Shortly prior to the death of decedent he made a bet or wager of a sum of money on the result of the general election, to be held in November, 1916. The money so wagered was placed in the hands of a stakeholder to abide the result of said election, but with the understanding that, if the decedent should die prior to the date of such election, then such sum of money should be turned over to decedent's wife. The death of decedent took place before said election was held, and the stakeholder turned said money over to the defendant as decedent's widow. Plaintiff, assuming that said money belonged to the decedent at the time of his death, claimed that it belonged to descendent's estate after his death, and made demand therefor upon defendant. Upon her refusal to surrender said money, plaintiff instituted this action for the recovery thereof. Defendant demurred to plaintiff's complaint, and, from an order overruling said demurrer, defendant appeals.

[1, 2] In the absence of a statute making the wagering of money a criminal offense, there is no doubt that such wager may be withdrawn by the party making it at any time before the happening of the event upon which the wager is made. Wasserman v. Sloss, 117 Cal. 425, 49 Pac. 566, 38 L. R. A. 176, 59 Am. St. Rep. 209. But in this state the wagering of money on the result of an election is a criminal offense. Section 59, Penal Code, provides as follows:

"Every person who makes, offers, or accepts any bet or wager upon the result of any election, * * * is guilty of a misdemeanor."

Under the provisions of this section, the offense is completed as soon as the wager is made. This brings the case within the rule followed in Matthews v. Lopus, 24 Cal. App. 63, 140

Pac. 306. California has a statute similar in effect to section 59 of our Penal Code, and, in considering said statute, that court said:

"It will thus be observed that, under our law, as it stood at the time of the transaction giving rise to this action and as it now stands, the act of the plaintiff in making the wager upon the result of the 'contest of skill,' in a wrestling match, between himself and said McLeod was itself a crime, and the money sought to be recovered here constituted one of the essential means whereby the crime was committed. The consequence is that the transaction was void from its very inception. Indeed, the transaction in law was not a contract. It was a crime fully completed and consummated upon the execution of the act of making the wager, and it, of course, could not be the subject of disaffirmance or withdrawal by the parties to the wager in the sense that thus the law could take cognizance of the transaction and restore the parties to statu quo. * * * In the case here, however, while the transaction as to which the wager was made had not been completed and the disaffirmance of the wager may, therefore, be said to have taken place before the event upon which it was staked occurred, still, as has been shown, the mere act of making the wager was, under the law, itself a completed crime, and in such case, therefore, a party to the betting transaction cannot claim to be in any different or better position, in the eyes of the law, than if, in the absence of any penal statute against wagering upon such events as the one concerned here, he should, after such event had taken place and been decided against him, seek the aid of the courts in an attempt to recover the money so wagered and lost."

[3] As the wagering of the money constituted a complete criminal offense under the statute, the court would not have entertained an action by the decedent for a recovery of such money, even though he had withdrawn from the wager before the happening of the event on which the wager was made And, if the decedent could not have maintained such action during his lifetime, neither can his administrator after his death, and the demurrer should have been sustained.

The order appealed from is reversed.

GATES, J. (dissenting). If the placing of money in the hands of a stakeholder with a condition constitutes a wager, then I have no criticism to make of the opinion. Suppose at the time of staking the money it had been agreed that either party might withdraw his stake at any time prior to ten days before election. Could it have been properly claimed on any date prior to the beginning of the ten-day period that there was a wager? Upon such a state of facts, could either party have been convicted under section 59, Pen. Code, or the stakeholder under section 27, Pen. Code, if the money had been withdrawn prior to the beginning of the ten-day period? It seems clear to me that he could not. If not in that case, why in this? I think the trial court ruled correctly.